# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JEROME WATSON and ROSALYN WATSON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 05 C 6898 |
| WETTERAU HOMESTEAD, INC., a foreign corporation, and PATRICK KELLY, individually and as employee and/or servant of WETTERAU HOMESTEAD, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Wetterau Homestead, Inc. (Wetterau) was served on September 14, 2005. Defendant Patrick Kelly (Kelly) was served on September 25, 2005. Both Wetterau and Kelly, by different counsel, filed answers in October. Wetterau removed (Kelly did not join in the removal at that time) on December 7, 2005. Plaintiffs move for remand and costs. We grant the motion for remand and deny costs.

Because state court pleading rules limit the *ad damnum* clause to $50,000, and the diversity threshold is $75,000, there can be some uncertainty as to whether or not a defendant has or can have a good faith belief that the amount in controversy exceeds $75,000. But we do not conclude there was any real uncertainty here. The two plaintiffs alleged that they "sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; and sustained other injuries and damages of a personal and pecuniary nature." While plaintiffs would not make an estimate of damages early in the case, and the *ad damnum* clause

was at the $50,000 limit, it does not take much imagination to recognize that the damages sought in all probability exceeded $75,000. Indeed, when Wetterau removed the case, it represented that "a common sense reading of the Complaint supports the conclusion that more than $75,000 is at issue." In those circumstances, Wetterau had 30 days to remove after it was served, and it did not do so in that time frame. *See* <u>Gallo v. Homelite Consumer Products</u>, 371 F.Supp.2d 943 (N.D.Ill. 2005). We decline to award costs and fees for the reasons stated in <u>Gallo</u>, *supra.*

JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 13, 2006.